NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ABIY YIFRU,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1697

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00567-MBH, Senior Judge Marian Blank Horn.

---

Decided:  January 11, 2024

---

ABIY YIFRU, New York, NY, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

Abiy Yifru appeals pro se a decision of the United States Court of Federal Claims that dismissed his complaint for failure to state a claim and for lack of jurisdiction. We affirm.

### BACKGROUND

Mr. Yifru emigrated from Ethiopia to the United States in 2003 after he was selected through a visa lottery program to receive a U.S. visa.[1] *See, e.g.*, Appx33–34, Appx41.[2] According to Mr. Yifru, upon winning the visa lottery, he was "compelled" to complete the visa paperwork by family members and friends of a "so-called [American] sponsor." Appx34. He ultimately submitted the visa paperwork, attended a visa interview with a U.S. consular officer, paid a visa fee, and received his U.S. visa. Appx35–38. Mr. Yifru asserts in this appeal that after obtaining his U.S. visa, the "Ethiopian immigration authority" informed Mr. Yifru that he additionally needed a clearance letter from his employer in Ethiopia to obtain his exit visa. Appellant Br. 8. Mr. Yifru states that "he submitted a resignation letter, []his employer cleared him, and he obtained the exit visa." *Id.*; *see also* Appx41.

Mr. Yifru alleges that since moving to the United States, he has endured homelessness and other hardships. *See* Appellant Br. 8. During this time, Mr. Yifru has sought

---

[1]    This case was dismissed on the pleadings and no factual challenges have been raised, so the allegations in the complaint "set[] forth the uncontested factual backdrop for this appeal." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1084 (Fed. Cir. 2015). Here, we provide a summary of the complaint's allegations relevant to this appeal.

[2]    "Appx" refers to the appendix submitted with Mr. Yifru's brief.

various types of benefits from the U.S. government, including unemployment compensation and rental subsidy vouchers. *Id.*; *see also* Appx66–72.

In May 2022, Mr. Yifru filed a complaint against the U.S. government in the Court of Federal Claims ("CFC"). *See* Appx28. His complaint alleged conduct spanning the past twenty years but included just one cause of action under the Fifth Amendment's Takings Clause. *See, e.g.*, Appx30–31, 73; *see generally* Appx39–72. Mr. Yifru alleged that he had a protected property interest in his employment contract with his employer in Ethiopia. Appx73. He alleged that the government interfered with that employment contract by "compell[ing]" him to complete the visa paperwork and immigrate to the United States, resulting in a taking of his employment contract. *See, e.g.*, Appx73.

The government moved to dismiss Mr. Yifru's complaint for failure to state a claim and for lack of jurisdiction. After full briefing, the CFC issued an order granting the motion. *See* Appx2. The CFC found that Mr. Yifru's complaint failed to allege sufficient facts to support a claim under the Takings Clause of the Fifth Amendment. Appx20. The CFC also considered the complaint's other extensive allegations and apparent requests for relief. Appx20–27. It found that they either failed to state a claim or did not fall within the CFC's jurisdiction. *Id.* The CFC accordingly dismissed Mr. Yifru's complaint. Appx1, Appx27. This appeal followed.

## STANDARD OF REVIEW

We review de novo the CFC's grant of a motion to dismiss for failure to state a claim. *Inter-Tribal Council of Arizona, Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020). We also conduct de novo review of grants of motions to dismiss for lack of jurisdiction. *Id.* In either of these types of pleading-stage disputes, we accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.*

DISCUSSION

The Takings Clause of the Fifth Amendment of the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. Amend. V. Government action is a threshold requirement of a takings claim. *See Huntleigh USA Corp. v. United States*, 525 F.3d 1370, 1377 (Fed. Cir. 2008). Moreover, government action must result in a compensable taking of a property interest for public use. *Id.* If no property is taken—for example, if the government does not actually assume a party's contracts for public use and instead simply "frustrat[es]" a party's business expectations—there is no taking. *See, e.g.*, *id.* at 1379–82.

Here, Mr. Yifru asserts that the U.S. consular officer "orchestrated" the acts of private parties to coerce him to complete the U.S. visa paperwork, and otherwise "compelled" him to resign from his job in Ethiopia. On these bases, Mr. Yifru claims a Fifth Amendment taking of his employment contract in Ethiopia. But Mr. Yifru alleges no *facts* to support that the conduct of a U.S. government official led the United States to assume his employment contract for public purposes. We thus agree with the CFC that Mr. Yifru fails to state a claim on which relief can be granted.

Mr. Yifru's complaint also asks the CFC to instruct other government agencies to provide Mr. Yifru with government benefits. But the CFC lacks such jurisdiction, as it "has no general power to provide equitable relief against the Government or its officers," including as to Mr. Yifru's claims in this case. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011). We agree with the CFC that these shortcomings with the relief sought further support dismissal of Mr. Yifru's complaint.

CONCLUSION

We have considered Mr. Yifru's remaining arguments and find them unpersuasive. For the reasons stated, the Court of Federal Claims order dismissing Mr. Yifru's complaint for failure to state a claim and lack of jurisdiction is affirmed.

**AFFIRMED**

COSTS

No costs.